NO. 07-97-0487-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

OCTOBER 25, 2001

_____


DANA MARIE CONTRERAS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 37,880-D; HONORABLE DON EMERSON, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.


ON REMAND FROM COURT OF CRIMINAL APPEALS

Following a remand from the Court of Criminal Appeals, we now affirm the judgment of the trial court in this cause. The procedural history underlying this opinion began when this court reversed the judgment of the trial court on rehearing. *Contreras v. State*, 998 S.W.2d 656 (Tex.App.–Amarillo 1999). Subsequently, the Court of Criminal Appeals

granted the State's petition for review and, thereafter, reversed and remanded the case back to this court. *Contreras v. State*, No. 1682-99 (Tex.Crim.App. 2001).

A detailed factual summary was set out in both the cases cited above, so our discussion will be limited to facts only as they become relevant to our decision. The issue centers around the fact that appellant was not taken to the police department from the crime scene until 45 to 50 minutes after the police arrived. The ultimate holding of the Court of Criminal Appeals is that the 45-minute delay in taking appellant to the police station cannot be construed as unnecessary.[1] Specifically, the Court of Criminal Appeals deemed the 45-minute delay as "*de minimis*" and "necessary." In reaching its decision, that court reasoned that law enforcement was engaged in "trying to save the victim's life," investigating the stabbing, and securing the scene. The Court of Criminal Appeals believed that six officers, paramedics, Amarillo Medical Services, and the Fire Department were "necessary" in order to properly carry out the listed tasks.

Thus, under these circumstances, "unnecessary delay" is not present, and the judgment of the trial court is affirmed.

John T. Boyd
Chief Justice

Publish.

---

[1] Determinations of what constitutes "unnecessary delay" fall within the realm of section 52.02(a)(2) of the Texas Family Code and are determined on a case-by-case basis.

2